

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK W. SPEAKES, as the Fund )
Administrator of the )
Laborers' National (Industrial) )
Pension Fund, )
905 - 16th Street, N.W. )
Washington, D.C. 20006, )
  )
and )
  )
ZENITH ADMINISTRATORS, INC., )
as the Administrator of the )
Laborers' National Health and )
Welfare Fund, )
5565 Sterret Place, Suite 210 )
Columbia, Maryland 21044, )
  )
      Plaintiffs, )
  vs. )
  )
TELTARA, INC., )
8700 N. Gainey Center Drive )
Suite 150 )
Scottsdale, Arizona 85258, )
  )
      Defendant. )

CASE NUMBER  1:05CV01066

JUDGE: James Robertson

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 05/27/2005

## COMPLAINT

**NOW COME** Plaintiffs, by and through their undersigned attorney, and for their

causes of action against Defendant, complain and allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought pursuant to Sections 502 (a)(3) and 515 of

the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C.

§§1132 (a)(3) and 1145, by the administrators of two employee benefit plans to secure

-2-

performance by an employer of specific statutory and contractual obligations to pay

contributions to the benefit funds on behalf of the employer's employees, to pay interest

on delinquent contributions, to pay collection costs, and to submit contribution reports.

The employer has repeatedly made false promises of payment to induce the benefit

funds to refrain from exercising their rights to terminate the health and pension

coverage of its employees for nonpayment of contributions and to forego legal action.

    2.    Jurisdiction is conferred on this court under the following statutes:

        (a)    ERISA Sections 502(e)(1), (f), 29 U.S.C. §§1132(e)(1), (f);

        (b)    28 U.S.C. §1331 (federal question); and

        (c)    29 U.S.C. §1337 (civil action arising under act of Congress regulating commerce).

    3.    Venue properly lies in the district for the District of Columbia pursuant to

Section 502(e) of ERISA, 29 U.S.C. §1132(e).  The Pension Fund's main administrative

office is located in the District of Columbia, substantial administration of the Health

Fund takes place in the District of Columbia, and Defendant conducts business in the

District of Columbia.

    4.    Under ERISA Section 502(e), Defendant may be served in any federal

district in which it resides or may be found so as to subject Defendant to the personal

jurisdiction of this Court.

**IDENTIFICATION OF THE PARTIES**

    5.    Plaintiff Mark W. Speakes is the Fund Administrator of the Laborers'

National (Industrial) Pension Fund (Pension Fund).  As such, he is a fiduciary with

respect to the Pension Fund within the meaning of Sections 3(21) and 502 of ERISA

-3-

(29 U.S.C. §§1002(21) and 1132).  He brings this action in his fiduciary capacity on behalf of and for the benefit of the Pension Fund with the authorization of the Pension Fund's Board of Trustees.

6.      The Pension Fund is a joint labor-management trust fund established and maintained pursuant to an Agreement and Declaration of Trust and various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)).  The Pension Fund is an employee pension benefit plan and an employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002 (2) and (3) and 1132(d)(1)), and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§1002(37) and 1145).  The Pension Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502 (d) (1) (29 U.S.C. § 1132 (d) (1) ).  The purpose of the Pension Fund is to provide pension benefits to eligible employees on whose behalf employers contribute pursuant to the collective bargaining agreements with the Laborers' International Union of North America (LIUNA) or with Local Unions and District Councils affiliated with LIUNA.

7.      Plaintiff Zenith Administrators, Inc. is the Administrator of the Laborers' National Health and Welfare Fund (Health Fund).  As such, it is a fiduciary with respect to the Health Fund within the meaning of Sections 3(21) and 502 of ERISA (29 U.S.C. §§1002(21) and 1132).  It brings this action in its fiduciary capacity on behalf of and for the benefit of the Health Fund with the authorization of the Health  Fund's Board of Trustees.

8.       The Health Fund is a joint labor-management trust fund established and

-4-

maintained pursuant to an Agreement and Declaration of Trust and various collective

bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29

U.S.C. §186(c)(5)).  The Health Fund is an employee welfare  benefit plan and an

employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of

ERISA (29 U.S.C. §§ 1002 (2) and (3) and 1132(d)(1)), and is a multiemployer plan

within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§1002(37) and

1145).  As such, the Health Fund is authorized to maintain suit as an independent legal

entity under ERISA Section 502 (d) (1) (29 U.S.C. § 1132 (d) (1) ).  The purpose of the

Health Fund is to provide health care benefits to eligible employees on whose behalf

employers contribute pursuant to collective bargaining agreements with LIUNA  or with

Local Unions or District Councils affiliated with LIUNA.

     9.    Defendant Teltara, Inc. (Teltara), based on Plaintiffs' information and

belief, is a for-profit business corporation whose primary business is providing custodial

and housekeeping services for the U.S. Department of Defense and other Federal

Government agencies at various sites around the United States.  Teltara's

headquarters office is located at 8700 North Gainey Center Drive, Suite 150,

Scottsdale, Arizona 85258.  Teltara conducts business within the District of Columbia,

including at the Washington Navy Yard.   Teltara is an employer within the meaning of

Sections 3(5) and 515 of ERISA (29 U.S.C. §§1002(5) and 1145).

**FIRST CAUSE OF ACTION**
**(Pension Fund Contributions: Eglin AFB)**

     12.    Teltara is party to and contractually bound by a Collective Bargaining

Agreement with LIUNA Northeast Florida Public Employees Local Union No. 630 that

-5-

sets terms and conditions of employment for Teltara employees who work at the Eglin
Air Force Base, Florida.  The Collective Bargaining Agreement is effective for the period
July 1, 2002 through June 30, 2005.  A true copy of the Collective Bargaining
Agreement, as signed by Teltara officer Ralph B. Wahlberg, is appended to this
Complaint as Exhibit A.

13.    The Collective Bargaining Agreement requires Teltara  to make
contributions to the Pension Fund at a certain hourly rate for each hour for which an
employee covered by the Collective Bargaining Agreement receives pay.  Specifically,
Article XXVII of the Collective Bargaining Agreement provides as follows:

> "The Company [Teltara] shall contribute, for each hour for which an
> employee covered by this Agreement is entitled to pay, to the Laborers'
> International Union of North America National (Industrial) Pension Fund in
> accordance with Schedules (A & B) to this Agreement."

14.    The original Schedule A to the Collective Bargaining Agreement provides
that effective July 1, 2002 the rate at which Teltara is required to contribute to the
Pension Fund is "$1.10 per hour paid."

15.    An amended Schedule A to the Collective Bargaining Agreement signed
by Teltara on June 13, 2003 provides  that effective July 1, 2003 the rate at which
Teltara is required to contribute to the Pension Fund is "$1.15 per hour paid" for hours
on or after July 1, 2003.

16.    An amended Schedule A to the Collective Bargaining Agreement signed
by Teltara on March 23, 2004 provides that the rate at which Teltara is required to
contribute to the Pension Fund continued to be "$1.15 per hour paid" for hours after
July 1, 2004.

-6-

17.    Schedule B to the Collective Bargaining Agreement provides, with regard to the Pension Fund as follows:

(a)    Section 1.A provides that Teltara is required to contribute to the Pension Fund "for each hour for which an employee covered by this Agreement is entitled to pay, including hours of paid vacations, paid holidays, and other periods for which pay is paid or owed to an employee."  The obligation to contribute for an employee commences on the first day of the employee's employment in a job classification covered by the Collective Bargaining Agreement.

(b)    Section 1.B requires Teltara to pay  contributions on a calender monthly basis.  Specifically, Teltara is required to pay to the Pension Fund contributions for employee hours in a particular month by the twentieth (20th) day of the following month.  This Section further requires Teltara to submit to the Pension Fund monthly contribution reports with the contributions so that the Pension Fund can properly credit to the employees and verify the accuracy of the payment.

(c)    Section 1.C entitles the Pension Fund to have a certified public accountancy firm to audit Teltara' payroll and other records to verify the accuracy of contributions to the Fund, verifying employee eligibility, and for other purposes necessary for administration of the Fund.  Teltara is also required to provide the Pension Fund with any and all truthful information necessary for administration of the Fund.

(d)    Section 1.E provides that if Teltara fails to submit contributions or

-7-

contributions reports to the Pension Fund when due, Teltara shall be considered an Employer in default and shall be subject to charges for interest, liquidated damages, attorneys fees, costs, audit fees and other costs of collection in accordance with the Pension Fund's Agreement and Declaration of Trust (hereinafter referred to as "the Pension Fund's Trust Agreement").   This Section further provides that the Pension Fund may take any and all lawful collection actions, including the commencement of legal proceedings, without regard to any grievance or arbitration procedure of the Collective Bargaining Agreement.

(e)     Section 1.F provides that Teltara accepts and agrees to be bound by the Pension Fund's Trust Agreement.

18.     The Pension Fund's Trust Agreement (Article VI, Section 6.04) provides, in pertinent part, as follows:

"C.     Delinquent employers shall be assessed the following charges:

1.      Each employer carrying a contribution delinquency for thirty (30) calendar days or more will automatically be assessed interest on the delinquent amount at the rate of 1½% per month for each month or part thereof from the date on which the Employer became delinquent until the date on which the delinquency is collected.  All interest assessments will be immediately due and payable.  The Fund Administrator will notify the Employer of the interest charge.

2.      Each Employer whose delinquent status is referred to the Fund Counsel for legal action shall, in addition to interest, be charged liquidated damages in an amount equal

-8-

to twenty percent (20%) of the unpaid delinquent contributions as the reasonably anticipated costs of administration and collection.  All liquidated damages shall be immediately due and payable.  The Fund Administrator will notify the Employer in writing of the assessment of liquidated damages.

3.      Each delinquent Employer that is audited pursuant to Part III-B-3 hereof shall be charged for the actual cost of the audit.  The Fund Administrator will notify the Employer of the assessment of audit charged with shall be due and payable immediately.

4.      In addition to interest and auditing charges, each Employer against which legal action is taken to collect delinquent contributions or other monies due the Fund shall be charged and liable to the Fund for attorneys' fees and for costs incurred by the Fund in taking such legal action, as well as for the liquidated damages assessed under Part III-C-2 hereof, and such other relief as may be available to the Fund under the Employee Retirement Income Security Act and other applicable law."

19.    Teltara has failed to pay to the Pension Fund any contributions owed for nineteen months: September through December 2003, January through April 2004, June through December 2004, and January through April, 2005.  The contributions owed for all these months is estimated by the Pension Fund to total Two Hundred Ten Thousand Six Hundred Twenty-Seven Dollars and Twenty-Six Cents ($210,627.26). The contributions owed for all months prior to December 2004 are based on written reports submitted to the Pension Fund by Teltara without contributions.  The contributions owed for months December 2004 through April 2005 are estimated based on the average hours reported on the last five monthly reports received from Teltara by

-9-

the Pension Fund because Teltara has failed to comply with its obligation to submit

monthly reports for these months.

20.    By failing pay these contributions and to submit contribution reports to the

Pension Fund when due, Teltara has violated the Collective Bargaining Agreement, the

terms of the Pension Fund, and ERISA Section 515.

21.    Teltara is required to pay to the Pension Fund certain interest charges on

unpaid contributions under the terms of the Pension Fund's Trust Agreement.  The

interest accrued on the unpaid contributions to date is Thirty-Two Thousand Three

Hundred Twenty-One Dollars and Sixteen Cents ($32,321.16).  By failing to pay these

interest charges to the Pension Fund, Teltara has violated the Collective Bargaining

Agreement, the terms of the Pension Fund, and ERISA Section 515.

22.    Teltara has a continuing obligation to contribute to the Pension Fund, and

submit contribution reports, for the term of the Collective Bargaining Agreement and its

obligation to contribute may continue thereafter under federal labor laws.   Teltara will

also continue to accrue interest charges while the contributions remain unpaid.  The

Pension Fund believes that Teltara will continue to refuse to pay the contributions and

interest charges until required to do so by the Court.

23.    Teltara receives from the Defense Department or the Air Force payments

intended to compensate Teltara for its contributions to the Pension Fund for employees

covered by the Collective Bargaining Agreement in accordance with the labor standards

regulatory scheme of the Service Contract Act, 41 U.S.C. § 351, *et seq.*  When it fails to

make contributions to the Pension Fund for employees covered by the Collective

Bargaining Agreement, Teltara is unjustly enriched at the expense of its employees and

-10-

the Federal Government as well as the Pension Fund.

24.     The Pension Fund made repeated attempts over the course of a year or more to persuade Teltara to satisfy its debt without need for litigation. Teltara repeatedly made false promises to the Pension Fund that all delinquent contributions and interest charges would be paid within certain periods.  These false promises were made with the intent to induce the Pension Fund to refrain from terminating the pension coverage of the employees and from commencing litigation and taking other actions to collect the contributions and interest charges owed by Teltara.  For example, Teltara Vice President Tom Barnes sent a  letter dated February 25, 2005 to the Pension Fund's Administrator stating as follows:

> "Subj: Payments due the Pension Fund
>
> Dear Mr. Moreschi:
>
> Richard, per our conversation today with the financing that we have put into place to address the current debt owed to the Laborer's Pension Fund we promise to bring the funds owed current on 20 March 2005 (to include all interest accrued).  As I indicated to you on the phone I certainly do apologize to you and the fund for not servicing this debt sooner.  And look forward to a more professional relationship in the future.
>
> If you have any questions, please contact me at (480) 905-1153 ext. 106 or e-mail: tbarnes@teltara.com.
>
> Sincerely,
>
>
> [signed]
>
> Tom Barnes
> Colonel (Ret.)
> Vice President, Contracts
> Teltara, Inc."

Contrary to the promise made in Vice President Barnes' letter, Teltara did not pay its

-11-

debt to the Pension Fund by March 20, 2005; in fact, Teltara has paid none of its debt to the Pension Fund to date.

25.    Pursuant to the Service Contract Act and at the Pension Fund's request, the U.S. Department of Labor's Wage and Hour Division has reportedly withheld from payments owed to Teltara by the Defense Department a certain amount earmarked for the Pension Fund.  However, the Pension Fund has not yet received the withheld amount and the withheld amount is more than One Hundred Twenty Thousand Dollars less than the amount of Teltara's current debt to the Pension Fund.

26.    Pursuant to the Collective Bargaining Agreement, the Pension Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), (g)(2), 1145, the Pension Fund is entitled to recover from Teltara the delinquent contributions and contribution reports, interest on the delinquent contributions at the rate of one and one-half percent (1 ½%) per month, liquidated damages (equal to the greater of the interest payable or 20% of the contributions), attorneys' fees, auditing fees and all other costs of collection.

## SECOND CAUSE OF ACTION
### (Pension Fund Contributions: Washington Navy Yard)

27.    Teltara was party to and contractually bound by a Collective Bargaining Agreement with the VA / NC Laborers' District Council - Public Employees Local Union No. 572 that set terms and conditions of employment for Teltara employees who worked at the Washington Navy Yard, Washington, D.C.  The Collective Bargaining Agreement was effective for the period November 1, 2000 through October 31, 2003. This Navy Yard Collective Bargaining Agreement was signed by Teltara officer Ralph B.

-12-

Wahlberg, on September 1, 2000.

28.    The Navy Yard Collective Bargaining Agreement required Teltara  to make contributions to the Pension Fund at a certain hourly rate for each hour for which an employee covered by that Collective Bargaining Agreement received pay.   That Collective Bargaining Agreement also required Teltara to make the contributions under the same terms and conditions as are described in paragraphs 17 and 18, hereinabove.

29.    For several months during the term of the Navy Yard Collective Bargaining Agreement, Teltara failed to pay contributions owed to the Pension Fund when due and, in accordance with the terms of the Pension Fund's Trust Agreement and the Collective Bargaining Agreement, incurred interest charges on the delinquent contributions.  Those charges amount to Two Thousand One Hundred Ten Dollars and Fifty Cents (<u>$2,110.50</u>) to date.

30.    Teltara has refused to pay the assessed interest charges, and in so doing has violated the Navy Yard Collective Bargaining Agreement, the terms of the Pension Fund and ERISA Section 515.

### THIRD CAUSE OF ACTION
### (Health Fund Contributions: Eglin AFB)

31.    Teltara is party to and contractually bound by a Collective Bargaining Agreement with LIUNA Northeast Florida Public Employees Local Union No. 630 that sets terms and conditions of employment for Teltara employees who work at the Eglin Air Force Base, Florida.  The Collective Bargaining Agreement is effective for the period July 1, 2002 through June 30, 2005.  A true copy of the Collective Bargaining Agreement, as signed by Teltara officer Ralph B. Wahlberg, is appended to this

-13-

Complaint as Exhibit A.

32.    The Collective Bargaining Agreement requires Teltara  to make

contributions to the Health Fund at a certain hourly rate for each hour for which an

employee covered by the Collective Bargaining Agreement receives pay.  Specifically,

Article XXVI of the Collective Bargaining Agreement provides as follows:

> "The Company [Teltara] shall contribute for each hour for which an
> employee covered by this Agreement is entitled to pay to the Laborers'
> National Health and Welfare Fund in accordance with Schedules (A & B)
> to this Agreement."

33.    The original Schedule A to the Collective Bargaining Agreement provides

that effective July 1, 2002 the rate at which Teltara is required to contribute to the

Health Fund is "$2.50 per hour paid."

34.    An amended Schedule A to the Collective Bargaining Agreement signed

by Teltara on June 13, 2003 provides  that effective July 1, 2003 the rate at which

Teltara is required to contribute to the Health Fund is "$2.85 per hour paid" for hours on

or after July 1, 2003.

35.    An amended Schedule A to the Collective Bargaining Agreement signed

by Teltara on March 23, 2004 provides that the rate at which Teltara is required to

contribute to the Health Fund continued to be "$3.60 per hour paid" for hours after July

1, 2004.

36.    Schedule B to the Collective Bargaining Agreement provides, with regard

to the Pension Fund as follows:

(a)    Section 1.B provides that Teltara is required to contribute to the Health

Fund "for each hour for which an employee covered by this Agreement is

-14-

entitled to pay, including hours of paid vacations, paid holidays, and other periods for which pay is paid or owed to an employee." The obligation to contribute for an employee commences on the first day of the employee's employment in a job classification covered by the Collective Bargaining Agreement.

(b)    Section 1.C requires Teltara to pay contributions on a calender monthly basis. Specifically, Teltara is required to pay to the Health Fund contributions for employee hours in a particular month by the twentieth (20th) day of the following month. This Section further requires Teltara to submit to the Health Fund monthly contribution reports with the contributions so that the Health Fund can properly credit to the employees and verify the accuracy of the payment.

(c)    Section 1.D entitles the Health Fund to have a certified public accountancy firm to audit Teltara' payroll and other records to verify the accuracy of contributions to the Fund, verifying employee eligibility, and for other purposes necessary for administration of the Fund. Teltara is also required to provide the Health Fund with any and all truthful information necessary for administration of the Fund.

(d)    Section 1.F provides that if Teltara fails to submit contributions or contributions reports to the Health Fund when due, Teltara shall be considered an Employer in default and shall be subject to charges for interest, liquidated damages, attorneys fees, costs, audit fees and other

-15-

costs of collection in accordance with the Pension Fund's Agreement and

Declaration of Trust (hereinafter referred to as "the Health Fund's Trust

Agreement").   This Section further provides that the Health Fund may

take any and all lawful collection actions, including the commencement of

legal proceedings, without regard to any grievance or arbitration

procedure of the Collective Bargaining Agreement.

(e)    Section 1.H provides that Teltara accepts and agrees to be bound by the

Health Fund's Trust Agreement.

37.    The Health Fund's Trust Agreement (Article VI, Section 6.04) provides, in

pertinent part, as follows:

> "DEFAULT IN PAYMENT: ... In addition to any other remedies to which
> the Fund or the Board is entitled, any Employer which fails to pay
> contributions or other payments owed shall be liable to the Fund for
> interest at the rate of one-and-one-half percent (1 ½%) per month
> compounded from the due date through the date of payment, as well as
> for all expenses of collection incurred by the Fund, including attorneys'
> fees and court costs.  The Board is empowered to institute proceedings in
> law or equity, and to take any other action, to collect Contributions and all
> other payments due.  If legal proceedings are initiated against an
> Employer in default, the Employer shall also be liable to the Fund for
> liquidated damages in an amount equal to twenty percent (20%) of the
> Contributions past due."

38.    Teltara has failed to pay to the Health Fund the contributions owed

for August 2004, September 2004, October 2004, February 2005, March 2005, and

April 2005.  The contributions owed for all these months, excluding April 2005, amounts

to One Hundred Sixty-Three Thousand Four Hundred Ninety-Seven Dollars and Sixty

Cents (<u>$163,497.60</u>), based on contribution reports submitted to the Health Fund by

Teltara.  The Health Fund estimates that Teltara owes Thirty Thousand Four Hundred

-16-

Sixty-Five Dollars and Eighteen Cents ($30,465.18) in contributions for April 2005.  That month's contributions are estimated based on the report submitted by Teltara for the previous month because Teltara has failed to comply with its obligation to submit the contribution report for the month.

39.     By failing pay these contributions and to submit contribution reports to the Health Fund when due, Teltara has violated the Collective Bargaining Agreement, the terms of the Health Fund, and ERISA Section 515.

40.     Teltara is required to pay to the Health Fund certain interest charges on unpaid contributions under the terms of the Health Fund's Trust Agreement.  The interest accrued on the unpaid contributions to date is Nineteen Thousand Three Hundred Five Dollars and Ninety-Five Cents ($19,305.95).  By failing to pay these interest charges to the Health Fund, Teltara has violated the Collective Bargaining Agreement, the terms of the Health Fund, and ERISA Section 515.

41.     Teltara has a continuing obligation to contribute to the Health Fund, and submit contribution reports, for the term of the Collective Bargaining Agreement and its obligation to contribute may continue thereafter under federal labor laws.   Teltara will also continue to accrue interest charges while the contributions remain unpaid.  The Health Fund believes that Teltara will continue to refuse to pay the contributions and interest charges until required to do so by the Court.

42.     Teltara receives from the Defense Department or the Air Force payments intended to compensate Teltara for its contributions to the Health Fund for employees covered by the Collective Bargaining Agreement in accordance with the labor standards regulatory scheme of the Service Contract Act.  When it fails to make contributions to

-17-

the Health Fund for employees covered by the Collective Bargaining Agreement, Teltara is unjustly enriched at the expense of its employees and the Federal Government as well as the Health Fund.

43.     The Health Fund made repeated attempts over several months to persuade Teltara to satisfy its debt without need for litigation. Teltara repeatedly made false promises to the Health Fund that all delinquent contributions and interest charges would be paid within certain periods.  These false promises were made with the intent to induce the Health Fund to refrain from terminating the health benefits coverage of the employees and from commencing litigation and taking other actions to collect the contributions and interest charges owed by Teltara.  For example, Teltara Vice President Tom Barnes sent a  letter dated February 25, 2005 to the Health Fund's Administrator stating as follows:

"Subj:  LNHWF Memo; Payment Owed Benefit Funds, dated 25 February 2005

Dear Mr. Pronio,

In accordance with your MEMO dated 25 February, 2005 we concur with all requirements for payment as stated in paragraph 2 of that memorandum.  Per my conversation with you today we will wire the November 2004 contribution ($32,923.08) on Monday the 28th of February, 2005.

If you have any questions, please contact me at (480) 905-1153 ext. 106 or e-mail: tbarnes@teltara.com.

Sincerely,

[signed]

Tom Barnes
Colonel (Ret.)
Vice President, Contracts
Teltara, Inc."

**-18-**

Mr. Barnes also sent to the Health Fund's Administrator on February 25, 2005 an e-mail

stating as follows:

> Steve, per our conversation I have enclosed a signed letter confirming our
> commitment to bring the fund up to date on 20th of March 2005...also if you will
> send the wire instructions first thing Monday morn...I will send out the wire for the
> Nov amounts.  Thanks for all of your assistance in this matter.  Regards, Tom"

Contrary to Mr. Barnes' letter and e-mail, the November 2004 contributions were not

paid to the Health Fund by February 28, 2005, and these contributions as well as the

contributions for the other outstanding months remain unpaid.

44.    Pursuant to the Service Contract Act and at the Health Fund's request,

the U.S. Department of Labor's Wage and Hour Division has reportedly withheld from

payments owed to Teltara by the Defense Department a certain amount earmarked for

the Health Fund.  However, the Health Fund has not yet received the withheld amount

and the withheld amount is more than One Hundred Thousand Dollars less than the

amount of Teltara's current debt to the Health Fund.

45.    Pursuant to the Collective Bargaining Agreement, the Health Fund's

Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C.

§§1132(a)(3), (g)(2), 1145, the Health Fund is entitled to recover from Teltara the

delinquent contributions and contribution reports, interest on the delinquent

contributions at the rate of one and one-half percent (1 ½%) per month, liquidated

damages (equal to the greater of the interest payable or 20% of the contributions),

attorneys' fees, auditing fees and all other costs of collection.

-19-

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand that judgment be entered for each of them and against Defendant as follows:

1.  Judgment in favor of the Laborers' National (Industrial) Pension Fund in the amount of Two Hundred Seventy-Five Thousand Two Hundred Sixty-Nine Dollars and Fifty-Eight Cents (**$275,269.75**); representing the unpaid contributions owed for months through April 2005 for the Eglin AFB employees, plus the interest charges accrued to date with respect to such contributions, plus an amount equal to the accrued interest in accordance with ERISA Section 502(g)(2);

2.  Judgment in favor of the Laborers' National (Industrial) Pension Fund in the amount of Two Thousand One Hundred Ten Dollars and Fifty Cents (**$2,110.50**); representing the accrued interest charges with respect to the delinquent contributions for the Washington Navy Yard employees;

3.  Judgment in favor of the Laborers' National Health and Welfare Fund in the amount of Two Hundred Thirty-Two Thousand Five Hundred Seventy-Four Dollars and Sixty-Eight Cents (**$232,574.68**);representing the unpaid contributions owed for months through April 2005 for the Eglin AFB employees, plus the interest charges accrued to date with respect to such contributions, plus an amount equal to the accrued interest in accordance with ERISA Section 502(g)(2);

4.  Judgment in favor of the Laborers' National (Industrial) Pension Fund in

-20-

the amount of the contributions that accrue for months after April 2005 to the extent they remain unpaid, plus interest at double the Pension Fund's interest rate;

5.    Judgment in favor of the Laborers' National Health and Welfare Fund in the amount of the contributions that accrue for months after March 2005 to the extent they remain unpaid, plus interest at double the Health Fund's interest rate;

6.    Judgment in favor of the Laborers' National (Industrial) Pension Fund for Twenty-Five Thousand Dollars (**$25,000.00**) in attorney's fees, plus such additional attorney's fees incurred by the Pension Fund in relation to this action;

7.    Judgment in favor of the Laborers' National Health and Welfare Fund for Twenty-Five Thousand Dollars (**$25,000.00**) in attorney's fees, plus such additional attorney's fees incurred by the Health Fund in relation to this action;

8.    An Order compelling Teltara to submit to the Laborers' National (Industrial) Pension Fund all contributions, interest charges, and contribution reports when due for such future period as Teltara is contractually or legally obligated to contribute to the Pension Fund;

9.    An Order compelling Teltara to submit to the Laborers' National Health and Welfare Fund all contributions, interest charges, and contribution reports when due for such future period as Teltara is contractually or

-21-

legally obligated to contribute to the Health Fund;

10.     An Order compelling Teltara to submit to an audit of its payroll and related records by a certified public accountancy firm selected by the Plaintiffs to verify the accuracy of Teltara's contributions and reports to the Pension Fund and the Health Fund for its Eglin AFB and Washington Navy Yard employees during 2003, 2004 and 2005;

11.     Judgment in favor of the Laborers' National (Industrial) Pension Fund for post-judgment interest and the costs of this action;

12.     Judgment in favor of the Laborers' National Health and Welfare Fund for post-judgment interest and the costs of this action; and

13.     such other and further relief as the Court deems just and proper.

Dated: May 26, 2005

Respectfully submitted,

James S. Ray (DC Bar No. 26508)
Law Offices of James S. Ray
706 Duke Street
Alexandria, Virginia 22314
Tel.: 703-836-8111
Fax: 703-836-1888
E-Mail: jrayraylaw@aol.com

Counsel for Plaintiffs