**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARK W. SPEAKES, as the Fund Administrator of the Laborers' National (Industrial) Pension Fund, | ) ) ) | |
| and | ) ) | |
| ZENITH ADMINISTRATORS, INC., as the Administrator of the Laborers' National Health and Welfare Fund | ) ) ) ) | Case No.  1:05CV01066<br>Judge:  James Robertson<br>Deck Type:  Labor/ERISA<br>            (non-employment) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| TELTARA, INC.<br>8700 N. Gainey Center Drive, Suite 150,<br>Scottsdale, Arizona  85258, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, Teltara, Inc. ("Teltara"), by its attorneys, hereby responds to Plaintiffs' Complaint as follows:

1.      Teltara denies that it repeatedly made false promises as alleged.  Teltara admits the remaining allegations of paragraph 1.

2.      Teltara admits the allegations of paragraph 2.

3.      Teltara denies that it conducts business in the District of Columbia.  Teltara admits the remaining allegations of paragraph 3.

4.      Admitted.

5.      Teltara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      Teltara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Teltara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      Teltara is without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 8.

9.      Teltara denies that it conducts business within the District of Columbia.  Teltara admits the remaining allegations of paragraph 9.

10-11.   There are no paragraphs 10-11.

12.     Teltara admits the allegations of paragraph 12.

13.     Teltara admits the allegations of paragraph 13.

14.     Teltara admits the allegations of paragraph 14.

15.     Teltara admits the allegations of paragraph 15.

16.     Teltara admits the allegations of paragraph 16.

17.     Teltara admits the allegations of paragraph 17.

18.     Teltara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.     Teltara is without knowledge or information sufficient to form a belief as to the truth of the allegations as to how Plaintiffs calculated the contributions allegedly owed.  Teltara admits that it has failed to pay some contributions to the Fund.  Teltara affirmatively states that some of the contributions allegedly unpaid were paid to the U.S. Department of Labor for submission to the Fund during proceedings occurring under the Service Contract Act.  Teltara denies that the amounts alleged owed are accurate.

20.    Teltara is without knowledge or information sufficient to form a belief as to whether any non-payment or failure to submit contribution reports are violations of the terms of the Pension Fund, as alleged in paragraph 20. Teltara admits that failure to submit contribution reports and to submit timely contributions are a violation of the Collective Bargaining Agreement and of ERISA, Section 515. Teltara denies the allegations of paragraph 20 except as consistent with the foregoing admissions.

21.    Teltara is without knowledge or information sufficient to form a belief as to whether failure to pay certain interest charges on unpaid contributions are a violation of the terms of the Pension Fund. Teltara admits that, to the extent it did not pay required interest charges, it was a violation of the Collective Bargaining Agreement and ERISA Section 515. Teltara denies that the amounts of interest alleged in paragraph 21 are correct.

22.    Teltara admits that, to the extent it continues to owe contributions, that it will be subject to interest charges until paid. Teltara denies the remaining allegations of paragraph 22.

23.    Teltara denies the allegations of paragraph 23.

24.    Teltara admits that, over the course of the year or more, it negotiated with the Pension Fund about payment plans to satisfy monies it owed the Fund. Teltara admits that it did not become current on amounts owed to the Pension Fund by March 20, 2005 in that the referenced financing was not finalized as expected. Teltara denies the remaining allegations of paragraph 24.

25.    Teltara is without knowledge or information sufficient to form a belief as to the United States Department of Labor's tendering or not tendering to the Pension Fund amounts withheld from payments owed to Teltara by the Defense Department. Teltara admits that, pursuant to the Service Contract Act, and at the Pension Fund's request, the Defense Department

withheld payments owed to Teltara in order to pay contributions owed by Teltara to the Pension Fund. Teltara admits that the amounts withheld leave a balance on Teltara's current obligations to the Fund. Teltara denies the remaining allegations of paragraph 25.

26.     Teltara is without knowledge or information sufficient to form a belief as to violation of the Pension Fund's Trust Agreement, as alleged. Teltara admits that the Fund is entitled to at least some of the amounts alleged pursuant to ERISA and the Collective Bargaining Agreement.

27.     Teltara admits the allegations of paragraph 27.

28.     Teltara admits the allegations of paragraph 28.

29.     Teltara is without knowledge or information sufficient to form a belief as to the accuracy of the amount allegedly due. Teltara admits the remaining allegations of paragraph 29.

30.     Teltara is without knowledge or information sufficient to form a belief as to whether it has violated the terms of the Pension Fund. Teltara admits that, to the extent it has not paid properly assessed interest charges, it has violated the Collective Bargaining Agreement and ERISA Section 515.

31.     Teltara admits the allegations of paragraph 31.

32.     Teltara admits the allegations of paragraph 32.

33.     Teltara admits the allegations of paragraph 33.

34.     Teltara admits the allegations of paragraph 34.

35.     Teltara admits the allegations of paragraph 35.

36.     Teltara admits the allegations of paragraph 36.

37.     Teltara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.     Teltara admits that it has not paid all contributions owed to the Fund.  Teltara is without knowledge or information sufficient to form a belief as to basis of the Fund's calculations of amounts due.  Teltara denies that the amounts alleged are accurate.

39.     Teltara is without knowledge or information sufficient to form a belief as to whether any non-payment or failure to submit contribution reports were a violation of the terms of the Fund, as alleged in paragraph 39.  Teltara admits that failure to submit contribution reports and to submit timely contributions are a violation of the Collective Bargaining Agreement and of ERISA, Section 515.  Teltara denies the allegations of paragraph 39 except as consistent with the foregoing admission.

40.     Teltara is without knowledge or information sufficient to form a belief as to whether failure to pay certain interest charges on unpaid contributions are a violation of the terms of the Fund.  Teltara admits that, to the extent it did not pay required interest charges, it was a violation of the Collective Bargaining Agreement and ERISA Section 515.  Teltara denies that the amounts of interest alleged in paragraph 40 are correct.

41.     Teltara admits that, to the extent it continues to owe contributions, that it will be subject to interest charges until paid.  Teltara denies the remaining allegations of paragraph 41.

42.     Teltara denies the allegations of paragraph 42.

43.     Teltara admits that, over the course of the year or more, it negotiated with the Fund about payment plans to satisfy monies it owed the Fund.  Teltara admits that it did not become current on amounts owed to the Fund by March 20, 2005 in that the referenced financing was not finalized as expected.  Teltara denies the remaining allegations of paragraph 43.  Teltara also admits that Colonel Barnes sent the e-mail referenced and that Teltara did not submit the contributions referenced in the e-mail by the date referenced.

5

44.     Teltara is without knowledge or information sufficient to form a belief as to the United States Department of Labor's tendering or not tendering to the Welfare Fund amounts withheld from payments owed to Teltara by the Defense Department.  Teltara admits that, pursuant to the Service Contract Act, and at the Fund's request, the Defense Department withheld payments owed to Teltara in order to pay contributions owed by Teltara to the Fund. Teltara admits that the amounts withheld leave a balance on Teltara's current obligations to the Fund.  Teltara denies the remaining allegations of paragraph 44.

45.     Teltara is without knowledge or information sufficient to form a belief as to violation of the Fund's Trust Agreement, as alleged.  Teltara admits that the Fund is entitled to at least some of the amounts alleged pursuant to ERISA and the Collective Bargaining Agreement.

By way of further answer to the Complaint, Defendant denies all allegations not specifically admitted herein.

WHEREFORE, Defendant demands judgment in its favor, except as admitted herein, and its costs and other relief the Court deems fit.

## AFFIRMATIVE DEFENSES

1.     Any amounts withheld from Teltara by the Department of Defense for amounts allegedly owed to the Pension and Health and Welfare Funds, pursuant to the Department of Labor Service Contract Act investigation requested by the Funds, is a set-off against any amounts otherwise due.

2.      The Complaint in whole or in part fails to state a claim upon which relief may be

granted.


Dated:  July 7, 2005.


                              BAKER & HOSTETLER LLP

                              By:  /s/ Frederick W. Chockley, III
                                   _____
                                   Frederick W. Chockley, III  (D.C. Bar No. 366800)
                                   1050 Connecticut Avenue, N.W., Suite 1100
                                   Washington, DC  20036-5304
                                   Telephone:  (202) 861-1680

                              Attorneys for Defendant


Of Counsel:
Robert H. Brown, Esq.
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois  60610
Telephone:  (312) 467-9800
Fax:  (312) 467-9479
email:  rbrown@lanermuchin.com