UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MARK W. SPEAKES, *et al.*,      )
                                )
       Plaintiffs,             )
                                )
v.                              )   CIVIL ACTION NO. 1:05cv01066 (Robertson)
                                )
TELTARA, INC.,                  )
                                )
       Defendant.              )
_____)

**JOINT REPORT ON CONFERENCE
UNDER LCvR 16.3**

By Order issued on July 11, 2005, the Court set an Initial Conference for July 26, 2005 at 4:30 P.M. in Chambers.

In anticipation of that Conference and pursuant to LCvR 16.3 and F. R. Civ. Pro. Rule 26(f), counsel for the parties conferred by telephone on July 12, 2005 concerning the matters set forth in LCvR 16.3(a) and (c).  Counsel hereby submit their joint report of the Conference.

The agreements among counsel with regard to each of the matters listed in LCvR 16.3(c) are as follows:

    (1)    The parties hope to accomplish an early settlement of the case.  If a settlement is not reached, it is likely that some or all of the case can be resolved by dispositive motion.

    (2)    The parties do not foresee a need for joinder of additional parties. There is agreement that the deadline for amending pleadings should be five (5) days after the close of discovery.  The pleadings themselves have narrowed the factual and

-2-

legal issues, and the parties are working to further narrow the issues.

(3) The parties do not wish to have the case assigned to a Magistrate Judge at this time.

(4) There is a realistic possibility of settling the case.

(5) It is to early to determine whether the parties would benefit from ADR.

(6) The parties hope to accomplish an early settlement of the case. If a settlement is not reached, it is likely that some or all of the case can be resolved by a motion for summary judgment. There is agreement that the deadline for filing a motion for summary judgment should be twenty-one (21) days after the close of discovery; the deadline for filing the opposition should be twenty-one (21) days after the filing of the motion; the deadline for any reply should be ten (10) days after the filing of the opposition; and the motion should be decided within thirty (30) days after the completion of briefing.

(7) There is agreement to exchange Rule 26(a) initial disclosures by August 1, 2005.

(8) There is agreement on a ninety (90) day discovery period commencing August 1, 2005, with all discovery including responses being completed within that period. All discovery is expected to be written (interrogatories, document requests, requests for admissions), but the parties reserve the right to use other discovery methods authorized by the rules.

(9) The parties do not expect to use expert witnesses.

(10) Not applicable; this is not a class action.

(11) There is no need for a bifurcated trial.

-3-

(12) There is agreement that the pretrial conference should be set for the later of (a) thirty (30) days after the Court decides any motion for summary judgment, or (2) February 1, 2006.

(13) The Court should set a firm trial date at the pretrial conference.

(14) (a) Defendant represents that any past failure or delay in paying required fringe benefit contributions have been due to severe financial difficulties. It expects that a financing arrangement will close by the end of July. Assuming it closes as scheduled, Defendant intends to pay contributions owed (upon agreement by \ Plaintiffs) and to propose a suitable amount for other damages to which Plaintiffs are entitled by law. Defendant intends to tender to Plaintiffs well prior to the July 26 conference, figures on contributions it believes may be due. The amounts are less than those alleged in the Complaint.

(b) For their part, Plaintiffs have heard before promises by Defendant that it would fully pay its debt upon receipt of new financing, and that the new financing was imminent. Plaintiffs delayed for months bringing this action in reliance on such promises by Defendant. The promises have not been kept, as alleged in the Complaint.

(c) Plaintiffs' counsel was advised on July 13, 3005 by an official of the Labor Department's Wage and Hour Division that the money withheld by the government from contractual payments owed to Defendant (totaling about $180,000) will be released to Plaintiffs shortly. Plaintiffs agree that, if and when they actually receive this money, Defendant is entitled to a setoff of the amount received against its debt to the Funds. However, a substantial debt will remain even after the setoff.

-4-

A proposed scheduling order accompanies this report.

Dated: July 13, 2005.

Respectfully submitted,

*/s/ James S. Ray*

James S. Ray, Esq.
(DC Bar No. 26508)
Law Offices of James S. Ray
706 Duke Street
Alexandria, Virginia 22314
Tel.: 703-836-8111
Fax: 703-836-1888
E-Mail: jrayraylaw@aol.com

Counsel for Plaintiffs


Frederick W. Chockley, III, Esq.
(DC Bar No. 366800)
Baker & Hostetler, LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036-5304
Tel.: 202-861-1680
E-mail: fchockley@bakerlaw.com

Counsel for Defendant

*/s/ Robert H. Brown*

Robert H. Brown, Esq.
Laner, Muchin, Dombrow, Becker, Levin
& Tominberg, Ltd.
515 North State Street
Suite 2800
Tel.: 312-467-9800
E-mail: Rbrown@lanermuchin.com

Counsel for Defendant

-4-

A proposed scheduling order accompanies this report.

Dated: July 13, 2005.

                    Respectfully submitted,

James S. Ray, Esq.
(DC Bar No. 26508)
Law Offices of James S. Ray
706 Duke Street
Alexandria, Virginia 22314
Tel.: 703-836-8111
Fax: 703-836-1888
E-Mail: jrayraylaw@aol.com

Counsel for Plaintiffs

Frederick W. Chockley, III, Esq.
(DC Bar No. 366800)
Baker & Hostetler, LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036-5304
Tel.: 202-861-1680
E-mail: fchockley@bakerlaw.com

Counsel for Defendant


Robert H. Brown, Esq.
Laner, Muchin, Dombrow, Becker, Levin
& Tominberg, Ltd.
515 North State Street
Suite 2800
Tel.: 312-467-9800
E-mail: Rbrown@lanermuchin.com

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**MARK W. SPEAKES**, *et al.*,         )
                                       )
        **Plaintiffs**,                )
                                       )
v.                                     )    CIVIL ACTION NO. 1:05cv01066 (Robertson)
                                       )
**TELTARA, INC.**,                     )
                                       )
        **Defendant**.                 )
_____ )

## PROPOSED SCHEDULING ORDER

Upon consideration fo the parties' Joint Report on Conference Under LCvR 16.3, it is hereby ORDERED that the following time limits shall apply to this case.

| | |
|---|---|
| Rule 26(a) initial disclosures exchanged: | August 1, 2005 |
| Discovery closed: | October 31, 2005 |
| Filing amended pleadings: | November 4, 2005 |
| Filing dispositive motion: | November 21, 2005 |
| Filing opposition to motion: | December 12, 2005 |
| Filing reply to opposition: | December 22, 2005 |
| Decision on dispositive motion: | January 23, 2006 |
| Pretrial Conference: | Later of 30 days after decision on dispositive motion or February 1, 2006. |

Done this _____ day of _____, 2005.


_____
James Robertson, U.S. District Judge

Copies To:   James S. Ray, Esq.
             Robert H. Brown, Esq.
             Frederick W. Chockley, III, Esq.