UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK W. SPEAKES, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TELTARA, INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 1:05cv01066 (Robertson) |

**JOINT MOTION TO ENTER CONSENT JUDGMENT**

Plaintiffs and Defendant, by and through their undersigned counsel, hereby move the Court for entry of the Consent Judgment attached hereto as Exhibit A to settle the action.

**Memorandum of Points and Authorities**

Plaintiffs are respectively the administrators of two employee benefit plans, the Laborers' National (Industrial) Pension Fund and the Laborers' National Health and Welfare Fund (collectively, "the Funds"). They brought this action, in their fiduciary capacities, under the Employee Retirement Income Security Act (ERISA) to collect contributions and other amounts owed by Defendant Teltara, Inc. (Teltara) to the Funds for work performed by Teltara employees covered by the Funds.

The complaint alleged that Teltara breached statutory and contractual obligations to pay contributions, interest on delinquent contributions, and collection costs, and to submit contribution reports, to the Funds. Teltara admitted that it is indebted to the Funds for contributions, interest and costs, but denied the accuracy of the amounts claimed by Plaintiffs.

-2-

Following negotiations, Plaintiffs and Teltara have agreed to resolve their dispute in order to avoid the costs and burdens of additional litigation. They have agreed upon the terms and conditions set forth in the attached Consent Judgment to settle the action. They now request that the Court adopt and enter the Consent Judgment.

Plaintiffs and Teltara waive hearing on the motion and waive findings of fact and conclusions of law. Further, they consent to the immediate entry of the Consent Judgment, and waive any right to appeal the Consent Judgment.

Dated: December ___, 2005.

Respectfully submitted,

*/s/ James S. Ray*

James S. Ray, Esq.
Law Offices of James S. Ray
706 Duke Street
Alexandria, Virginia 22314
(703) 836-8111 (voice)
(703) 836-1888 (fax)
jrayraylaw@aol.com

Counsel for Plaintiffs

*/s/ Robert H. Brown*

Robert H. Brown, Esq.
Laner, Muchin, Dombrow, Becker, Levin
   & Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610

Counsel for Defendant and
for Mr. Ralph Wahlberg

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK W. SPEAKES, *et al.*, | ) |
|       Plaintiffs, | ) ) ) |
| v. | )   CIVIL ACTION NO. 1:05cv01066 (Robertson) |
| TELTARA, INC., | ) ) ) |
|       Defendant. | ) ) |

## CONSENT JUDGMENT

Plaintiffs are the administrators of two multiemployer employee benefit plans, the Laborers' National (Industrial) Pension Fund and the Laborers' National Health and Welfare Fund (collectively, the "Funds"). Plaintiffs, in their fiduciary capacities, sued Defendant Teltara, Inc. ("Teltara") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3), 1145. The complaint alleged that Teltara breached statutory and contractual obligations to pay contributions, interest on delinquent contributions, and collection costs, and to submit contribution reports, to the Funds. Teltara admitted that it is indebted to the Funds for contributions, interest and costs, but denied the accuracy of the amounts claimed by Plaintiffs.

Plaintiffs and Teltara have represented to the Court that they wish to resolve this action in order to avoid the costs and burdens of additional litigation, and that they have agreed upon the following terms to settle the action.

Plaintiffs and Teltara waive Findings of Fact and Conclusions of Law, consent to the immediate entry of this Consent Judgment, and waive any right to appeal this Consent Judgment.

The Court finds good cause to accept the parties' agreement and to enter this Consent Judgment.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that:

    1.    The Court has jurisdiction over the parties and subject matter of this action and is empowered to provide the relief herein.

    2.    Judgment is entered against Teltara and in favor of Plaintiffs, on behalf of their Funds, for the following amounts:

        (a)    One Hundred Twenty-Six Thousand Seven Hundred Seventy-One Dollars

-2-

and Seventy-Nine Cents ($126,771.79), the contributions due the Laborers' National (Industrial) Pension Fund for work performed through September 2005;

(b) Fifty One Thousand Two Hundred Thirty-Five Dollars and Eighteen Cents ($51,235.18), the contributions due the Laborers' National Health and Welfare Fund for September and October 2004;

(c) Eighty-Eight Thousand Five Hundred Seventy-Two Dollars and Ninety-Eight Cents ($88, 572.98), the interest owed to the Laborers' National (Industrial) Pension Fund as of December 2, 2005;

(d) Thirty-Seven Thousand Two Hundred Ninety-Two Dollars and Forty-Three Cents ($37,292.43), the interest owed to the Laborers' National Health and Welfare Fund through December 2, 2005;

(e) Eighteen Thousand Six Hundred Forty-Six Dollars and Twenty-Two Cents ($18,646.22), one-half of the liquidated damages owed to the Laborers' National Health and Welfare Fund as of October 31, 2005;

(f) Forty-Four Thousand Two Hundred Eighty-Six Dollars and Forty-Nine Cents ($44,286.49), one-half of the liquidated damages to the Laborers' National (Industrial) Pension Fund as of December 2, 2005;

(g) Eighteen-Thousand Dollars ($18,000.00 ) in attorneys fees and costs to the Laborers' National Health and Welfare Fund; and

(h) Eighteen-Thousand Dollars ($18,000.00 ) in attorneys fees and costs to the Laborers' National (Industrial) Pension Fund.

3. Based upon representations to the Court and to Plaintiffs that Teltara lacks sufficient financial resources to immediately pay the total amount described in paragraph 2, above, Teltara shall be permitted to pay said amount as follows, subject to the other provisions of this Consent Judgment:

(a) Within seven (7) calendar days of entry of this Consent Judgment, the sum of Ninety-Six Thousand Nine Hundred Eighty-Nine Dollars and Sixty Cents ($96,989.60) shall be paid to Plaintiffs.

(b) By January 15, 2006, the additional amount of One Hundred Fifty-Two Thousand Nine Hundred Seven Dollars and Seventy-Four Cents ($152,907.74) plus Four Thousand Five Hundred Eighty-Seven Dollars ($4,587.00) in interest, shall be paid to Plaintiffs.

(c) By February 15, 2006, the additional amount of One Hundred Fifty-Two

-3-

Thousand Nine Hundred Seven Dollars and Seventy-Four Cents ($152,907.74), plus Two Thousand Two Hundred Ninety-Four Dollars ($2,294.00) in interest, shall be paid to Plaintiffs.

(c)  Payments to Plaintiffs shall be made by check made payable to counsel for Plaintiffs, James S. Ray, Esq., and sent to the Law Offices of James S. Ray, 706 Duke Street, Alexandria, Virginia 22314.

4.  Teltara's owner, Mr. Ralph Wahlberg, hereby guarantees with his personal assets the payment to the Funds of the amounts described in paragraph 2, above, and in paragraph 9, below. For purposes of enforcing his guarantee, Mr. Wahlberg agrees that the Court has jurisdiction over his person.

5.  Teltara and its owner(s) and officers are permanently enjoined from seeking a discharge in bankruptcy of Teltara's obligations under paragraph 3 of this Consent Judgment.

6.  The Funds do not waive their right to conduct a payroll audit for the periods covered by paragraph 2, above, or for any other period to verify the amount of contributions owed. Nor do the Funds waive any right to collect additional contributions found to be owed through a payroll audit.

7.  Teltara is ordered to pay all contributions that are, and that hereafter become, due to the Funds, and to make such payments as they become due, specifically by the twentieth (20th) day of the month following the month during which the contributions were earned. Teltara is further ordered to pay all interest charges that are, and that hereafter become, due to the Funds. Teltara is permanently enjoined from refusing or failing to make such contribution payments.

8.  Teltara is ordered to submit all contribution reports required by the Funds that are, and that hereafter become, due to the Funds, and to submit such reports as they become due, specifically by the twentieth (20th) day of the month following the month during which the contributions relating to the reports were earned. Defendant Teltara is permanently enjoined from refusing or failing to submit such reports.

9.  If Teltara fails to make the payments described in paragraph 3, above, in accordance with that paragraph, or if Teltara fails to remain current in its obligation to submit contributions and contribution reports to the Funds as required by paragraphs 4 and 5, above:

(a)  the total amount described in paragraph 2, above, shall become immediately due, and

(b)  Teltara shall be liable to Plaintiffs, on behalf of the Laborers' National

-4-

       (Industrial) Pension Fund, for an additional Forty-One Thousand One Hundred Fifty-Seven Dollars and Twenty-Seven Cents ($41,157.27), in liquidated damages, and

(c)    Teltara shall be liable to Plaintiffs, on behalf of the Laborers' National Health and Welfare Fund, for an additional Eighteen Thousand One Hundred Seventy-Seven Dollars and Thirty Cents ($18,177.30 ), in liquidated damages, and

(d)    the total of the amounts described in paragraph 2, above, and subparagraphs (b) and (c) of this paragraph 9 shall be the amount of the Judgment, and

(e)    Plaintiffs shall be entitled to immediately execute on the Judgment or take such other collection action as they deem necessary or appropriate, including applying to this Court for additional relief.

    10.    If Defendant pays in a lump sum all amounts remaining due under this Consent Judgment on or before December 19, 2005, Defendant shall not be liable for the liquidated damages described in subparagraphs (e) and (f) of paragraph 2.

    11.    Plaintiffs agree that Teltara's compliance with this Consent Judgment will resolve any administrative agency complaint that they have made regarding the contribution delinquencies covered by this Consent Judgment.

    12.    This Consent Judgment applies to Teltara and to any and all of its owner(s), successors, purchasers, and assigns. The injunctive relief shall apply to Teltara and to its owner(s), as well as to those officers, employees and agents who are responsible for submitting the contributions and contribution reports to the Funds, provided that this Consent Judgment is not intended to impose personal liability on any employee of Teltara except as specified in paragraph 4 herein.

    13.    The Court shall retain jurisdiction to enforce this Consent Judgment, and to enable any party to apply to the Court for such further orders as may be necessary or appropriate to implement or construe the Consent Judgment.

    Done of this ____ day of _____, 2005.


_____
James Robertson, U.S. District Judge

-5-

AGREED:

_/s/ James S. Ray_____
James S. Ray, Esq.
Law Offices of James S. Ray
706 Duke Street
Alexandria, Virginia 22314
(703) 836-8111 (voice)
(703) 836-1888 (fax)
jrayraylaw@aol.com

Counsel for Plaintiffs


AGREED:

_____
Robert H. Brown, Esq.
Laner, Muchin, Dombrow, Becker, Levin
    & Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610

Counsel for Defendant and
for Mr. Ralph Wahlberg